PERSON v. FORT.

LACHES—ACCOUNTING.—TRUST DEED construed to convey all title and right of possession of land to trustee, with equity in grantee to compel execution of trust and payment to him of balance of value of land after execution of trust. The debts to be paid by trustee exceeding the value of the land; failure to show that any debt provided for in deed remains unpaid; long and exclusive possession of trustee and his heirs; long and unexplained delay and negligence of grantee in asserting his equity, are sufficient to refuse him an accounting, even though the land was never sold by trustee, as provided in the deed.

Before DANTZLER, J., Florence, March, 1902. Affirmed.

Action by P. A. Person against W. B. Fort, John Fort, Addison S. Fort, Matilda I. Parker and William Bryant. From Circuit decree, defendant, William Bryant, appeals.

*Messrs. H. G. Connor, J. P. Neill* and *George Galletly,* for appellant, cite: *Is defendant barred by laches or statute?* 34 S. C., 259; 36 S. C., 322; 27 Ency., 100-105, and notes; Flint on Trusts, secs. 323, 164, 297; 17 S. C., 489; 2 Rich., Eq., 425. *Trustee can only use property as directed:* 27 Ency., 134. *Parties in possession are liable for rental value:* 53 S. C., 350. · *They cannot hold under statute of distribu-tions:* 2 Rich. Eq., 412.

*Messrs. Wilcox & Wilcox,* contra, cite: *Upon payment of debts deed became absolute:* 11 S. C., 294; 4 Rich. Eq., 378; 3 Strob. Eq., 371; 52 S. C., 345; 2 Story Eq., 331; 1 Sug. on Powers, 183. *Bryant has lost all rights, if he ever had any, by laches:* 27 Ency., 104; 96 N. C., 122; Pom. Eq. Jur., sec. 418; Story Eq. Jur., 6 ed., sec. 529; 2 Rich. Eq.,*/* 259, 425; 62 S. C., 73. *Different kinds of trusts:* Perry on Trusts, secs. 24, 25, 30; 2 Rich. Eq., 259. *Statute of limi-tations apply to implied trusts:* 2 Rich. Eq., 259; 15 S. C., 169. *Where there is apparent laches, reasons for delay must be alleged:* 7 How., 819; 2 Wall., 95; 17 Wall., 78; 21 Wall., 178; 99 U. S., 201; 106 U. S., 391; 124 U. S., 183; 69 U. S., 87; 88 U. S., 178; 1 How., 161. *Title by adverse holding will be quieted at instance of holder:* 17 Ency. P. & P., 301; 50 S. C., 293; 59 S. C., 440.

October 10, 1902. The opinion of the Court was deliv-ered by

MR. JUSTICE JONES. In this action for partition of land in Florence County, William Bryant was made party defend-ant in order to have it declared that he had no interest in the premises. The Circuit Court, Judge Dantzler, decreed for partition among the plaintiff and defendants, other than William Bryant, and adjudged that William Bryant had no interest in the land; but that if he ever had any interest therein, or right to an accounting after the execution of the deed hereinafter set forth, he is now barred by his laches. The appeal questions the correctness of these conclusions.

We quote from the decree as follows: "It appears that, in the year 1867, the defendant, William Bryant, executed and delivered to one John Coley a deed of conveyance to the real property mentioned and described in the complaint upon the trust and for the uses and purposes therein set forth, a copy of such deed being attached to the complaint herein marked 'Exhibit A,' as follows: 'This indenture made and entered into in the year of our Lord one thousand eight hundred and sixty-seven, between William Bryant, of the State of North Carolina, Wayne County, of the first part, and John Coley, of the same county and State aforesaid, of the second part, for and in consideration of the sum of one dollar to him in hand paid by the said John Coley, the receipt whereof is hereby acknowledged, have this day bargained, sold and conveyed and enfeoffed with the said Coley a certain tract or parcel of land, being and situate in the State of South Carolina, Darlington District, adjoining the land of John G. Carter, John Young, the heirs of James Phillips and Zacheus S. Hill and R. Doil and the Wilmington and Manchester Railroad, containing three hundred and seventy acres, more or less, known as the E. G. Conner and Bay Branch tract, to him, the said Coley, to have and to hold, to him, his heirs and assigns forever. I, William Bryant, for myself, my heirs, executors, administrators and assigns, do hereby warrant and defend the right and title of the above named tract of land to the said John Coley, to have and to hold to him, his heirs and assigns forever, free from all claims and demands of all and any person or persons whatsoever, this 25th day of January, 1867. The conditions of the above obligation is such that the said William Bryant, being indebted to the said John Coley in a large amount of money, and the said Coley is security for the said Bryant to a large amount of money, and for the purpose of better securing the said Coley and to save him harmless, have this day conveyed unto the said Coley the above named tract of land in special *trust* for his use and behoof for the payment of certain notes and bonds. Firstly. One note or bond made payable to John

Coley for the sum of twelve hundred and fifty dollars, due January 3d, 1859, with interest till paid; Wyatt Earp for the sum of eleven hundred and twenty-five dollars, with a credit of five hundred dollars on said bonds, due January first, 1859, with John Coley as surety to said bond; Ann Exum for the sum of one hundred and seventy-five dollars, due January the 7th, 1859, with John Coley as surety.   The above named bonds or notes are to be paid in the first class of my creditors: Henry Vaughn, for one hundred dollars, with a credit of fifty dollars due about 1860, the exact date do not recollect; David or R. J. Large for thirty-three dollars, due 1860; two other notes given to the estate of Simon Parrott, deceased, one for eighty or ninety dollars, the other between one and two hundred dollars, with John W. King and John Horn and Giles Carter as securities; these are to be paid in the first class *pro rata*.  Secondly. After my trustee, John Coley, has paid himself and the other bonds of the first class, the residue, after paying all costs and expenses in selling said land, the said trustee is to pay *pro rata* to Jesse Parrott and J. W. Owens, deceased, to secure their inferior debts; these are the second class.   Said John Coley, my trustee, is hereby empowered by me to sell the above described land, either *publicly* or by giving twelve months or two years credit, or for cash, at his option, so the said Coley, trustee, sells said land to the best advantage—that is, either privately or publicly.   In testimony whereof I have put my hand and signed in the presence of J. N. Bardin, B. D. Applewhite. Wm. Bryant.   (Seal.)   Duly probated and recorded 22 February, 1867.'

"That John Coley, the grantee and trustee named in said deed, assumed the trust thereby reposed, and died intestate, in the year 1872, leaving him surviving, as his only heirs at law and distributees of his estate, his daughters, Mrs. P. A. Person, the plaintiff in the above entitled action, and Mrs. Fannie Fort; that, thereafter, Mrs. Fannie Fort departed this life, leaving as her only heirs at law and distributees of her estate, her husband, W. B. Fort, and her children, John

F. Fort, Matilda I. Parker, Addison S. Fort and Pearl Fort, defendants herein. At the time of his death, said John Coley had his domicil in the State of North Carolina, and W. B. Fort qualified as administrator of his estate in that State, and is now such administrator. There does not seem to have been any administration upon his estate in this State; and no trustee has been substituted in his place. William Bryant, the grantor, and John Coley, the trustee hereinbefore named, lived in the State of North Carolina from the time of the execution of the said deed, and all of the parties to this action have been and now are residents of that State.

"The tract of land described in the complaint was in the possession of said John Coley from the date of the execution of the deed to the time of his death in 1872, and *thereafter his heirs at law* were in possession of it; and the plaintiff, as an heir at law of John Coley, together with W. B. Fort and his children, heirs at law of a daughter of said John Coley, who subsequently died, now claim the same in fee and pray for a partition thereof. The claim is resisted by the defendant, Bryant, upon the grounds alleged in his answer.

"The vital question arising in the consideration of the matters in controversy is, what was the interest conveyed to said John Coley by William Bryant by the deed of conveyance? It is evident from an examination of the deed that he conveyed all the interest he ever had in the land; and, therefore, John Coley took, by virtue of the deed, all such interest. John Coley was 'empowered' thereby to sell the tract of land now in question, for the purpose of applying the proceeds of such sale to certain debts of William Bryant mentioned therein. *William Bryant,* therefore, became divested of all interest in the land conveyed *by him;* and John Coley became vested with the title thereto, impressed with the trust named in the deed. *Bryant was not the cestui que trust, his creditors were the beneficiaries.* It is clear to my mind that *William Bryant never had at any time after the execution and delivery of the deed to John Coley, any valid claim to the land in question, and he has none now.* He

would have had a right to any surplus which might have remained in the hands of the trustee from the sale of the land after his said indebtedness had been paid with the proceeds of such sale; *but he had no interest in the land.* (I cannot assume or conclude that the deed was intended as a mortgage. The conduct of the parties from 1867 to the time of the commencement of this action rebuts any such assumption or conclusion. The deed was executed in 1867; the trustee, John Coley, died in 1872, and the testimony does not disclose any demand made by William Bryant upon his trustee for the possession of the land or for any accounting whatsoever; nor is there any testimony tending to show any demand made upon the heirs at law of John Coley for the possession of the land, nor any demand made upon them for any accounting, nor any claim filed with the administrator of his estate in all these years.) On the contrary, the testimony shows that William Bryant was largely indebted; and *it is evident* from an *examination* of the deed that Bryant did not *expect the proceeds* from the sale of the land to be sufficient for the payment of his debts. The aggregate amount of indebtedness named in the deed was much more than two thousand dollars, besides the interest thereon; and the testimony shows that *at no time could* John Coley *have sold* the land for a *sum* sufficient to pay *such indebtedness.* One of the witnesses, ex-Sheriff McLendon, testified that Coley offered to sell him the land 'some time between '67 and '70, for twelve hundred dollars, and that he did not purchase. It seems that Coley did make ineffectual efforts to sell the land for a sufficient sum of money to pay the indebtedness of Bryant; and that finally he concluded to pay the indebtedness and take the land in consideration of the payment of the same and execution of the trust. The evidence shows that he did actually pay a portion of the indebtedness, and the reasonable presumption, from lapse of time, is that he paid the whole and fully executed the trust. If he did so, and, at the time of such payments, the land could not have been sold for more than the amount of indebtedness paid.

Bryant would have had no cause of action against him for an accounting for any surplus, because, necessarily, there could have been no surplus. And during all this time Bryant seems to have given himself no concern about the conduct of Coley, nor about the possession of the land after Coley's death. As hereinbefore stated, Bryant was not the beneficiary under, or by the terms of, the deed. His *creditors* were the beneficiaries, and he cannot now claim the land conveyed to the trustee for their benefit.

"From my construction of the deed in the light of the conduct of the parties, from the presumption that the beneficiaries named in the deed have been satisfied and their claims against Bryant paid in full, I conclude that the title to the land in question vested absolutely in John Coley in his lifetime, and that, at his death, the land descended to his heirs at law, free from any trust. *Hay* v. *Hay,* 4 Rich. Eq., 382. And that the plaintiff and the defendants, other than the defendant, William Bryant, are entitled to judgment for partition thereof among themselves according to their respective rights and interests therein.

"Furthermore, if the defendant, Bryant, ever had any interest in the land, after the execution of the deed, which I cannot concede, and was ever entitled to an accounting from his trustee, he is now debarred by his laches—Story Equity Jurisprudence, sec. 529; *Babb* v. *Sullivan,* 43 S. C., 436, 21 S. E. R., 277; *Wagner* v. *Sanders,* 62 S. C., 73; and that, as against his codefendants and the plaintiffs, he has now no valid defense to their claim.

"It is, therefore, ordered, adjudged and decreed: First, that the defendant, William Bryant, has no right, title or interest in or to the tract of land mentioned and described in the complaint in this action; and that he is not entitled to the accounting prayed for in his answer. Second, that the plaintiff and the defendants, W. B. Fort, John F. Fort, Matilda I. Parker, Addison S. Fort and Pearl Fort, are entitled to partition of the real property mentioned and described in the complaint herein, according to their several

and respective rights and interests, as alleged in the complaint, and that a writ of partition do issue accordingly. Third, that the plaintiff and the defendants other than the defendant, William .Bryant, do pay the costs of this action."

The exceptions are numerous, but it is unnecessary to consider them in detail. We approve the findings of fact by the Circuit Court and the correctness of the judgment founded thereon. The only equity which William Bryant ever had with respect to the land after deed in trust, was the right to compel application of the land to the payment of the debts, and the return of any surplus remaining after such payment. The fact that the indebtedness due to and paid by the trustee exceeded the value of the land in the lifetime of the trustee, the failure to show that any debt provided for by the deed remained unpaid, the long and exclusive possession of the land by the plaintiff and defendant, heirs of John Coley, since his death in 1872, the unexplained delay and negligence of William Bryant since the death of the trustee, Coley, in asserting any equity which he had, are sufficient to justify refusal to grant him any accounting in this action.

The judgment of the Circuit Court is affirmed.